# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

———————————————————————————

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                  Case No. 07-CR-212

MICHAEL E. NAGEL,

      Defendant.

———————————————————————————

## ORDER

On August 7, 2007, a grand jury sitting in this district returned a two-count indictment charging Michael E. Nagel with violations of 18 U.S.C. § 2243 and 18 U.S.C. § 2422(b). Nagel plead guilty to both counts of the indictment but maintained his right to challenge the constitutionality of the indictment prior to his sentencing hearing. On May 5, 2008, Nagel filed a motion to dismiss count two of the indictment and to declare the minimum mandatory provision of 18 U.S.C. § 2422(b) unconstitutional.

## ANALYSIS

Nagel presents a multi-faceted attack on § 2422(b) and argues it must be dismissed as unconstitutional. Nagel makes two arguments. First, he reiterates his arguments from his pretrial motion, in which he argued that the unavailability of the "safety valve" provision violates his constitutional rights by treating him differently than other defendants who are eligible for the provision. Second, he argues that the mandatory minimum provision of the statute violates his Eight Amendment right to be free from cruel and unusual punishment. Although Nagel presents more

information in support of his arguments, for the reasons that follow they remain without merit, and his motion must be denied.

Section 2422(b) of Title 18 of the United States Code provides:

> [w]hoever, using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life.

On July 27, 2006, Congress passed the Adam Walsh Child Protection and Safety Act and the statute was amended to include a ten-year mandatory minimum term of imprisonment.

In 1994, Congress passed the Mandatory Minimum Sentencing Reform Act ("MMSRA") and included a "safety valve" provision that allowed some flexibility in sentencing by permitting the court to sentence defendants below the minimum sentences fixed by statute. *See* 18 U.S.C. § 3553(f). Defendants that are convicted under the Controlled Substances Act and Controlled Substances Import and Export Act may, under certain circumstances enumerated in 18 U.S.C. § 3553(f), be eligible to circumvent mandatory minimum penalties set forth in certain sections of Title 21. *See* 18 U.S.C. § 3553(f); *see also* U.S.S.G. § 5C1.2(a). Section 3553(f) provides that defendants are safety valve eligible if they: (1) have no more than 1 criminal history point; (2) did not use violence, credible threats of violence, or a firearm or dangerous weapon; (3) did not commit an offense that resulted in death or serious bodily injury to another person; (4) was not an organizer, leader, manager, or

supervisor of others in the offense; and (5) he must truthfully provide information concerning the offense to the government prior to the sentencing hearing. Nagel now argues that he meets all safety valve requirements because he has tendered a letter to the government stating he would provide a statement to the government. Despite his offering, the court finds that he is ineligible for the safety valve because Congress specifically enumerated five offenses to which it applies: violations of 21 U.S.C. §§ 841, 844, 846, 960, and 963. Congress' enumeration displays an intent to exclude other offenses from safety valve eligibility. Because Nagel was not convicted of any of the enumerated offenses, the safety valve provision does not apply to him. *See United States v. Houston*, 177 Fed. Appx. 57 (11th Cir. 2006).

More importantly, Congress' exclusion of other crimes from safety valve eligibility does not deprive Nagel of his due process or equal protection rights. Here, the classes of persons treated disparately are felons, those that are convicted for drug-related offenses, and felons such as Nagel, who is convicted for the transportation of a minor for illegal sexual activity. Felons are not a protected class for the purposes of an equal protection analysis. *See United States v. Wicks,* 132 F.3d 383, 389 (7th Cir. 1997). The statute would then be analyzed under a rational basis test, and, under this test, a statute will be upheld "'if there is a rational relationship between the disparity of treatment and some legitimate governmental purpose.'" *City of Chicago v. Shalala*, 189 F.3d 598, 605-06 (7th Cir. 1999) (quoting *Heller v. Doe*, 509 U.S. 312, 320 (1993)). Under this highly-deferential standard, the

-3-

Case 2:07-cr-00212-JPS   Filed 06/05/08   Page 3 of 8   Document 55

court must be "extremely respectful of legislative determinations." *United States v. Jester*, 139 F.3d 1168 (7th Cir. 1998).

The Joint Explanatory Statement of the Committee of Conference for the PROTECT Act legislation contain language to provide for a rational basis for such mandatory minimum sentences. At Section 103, the Conference Report noted "the increased mandatory minimum sentences are responsive to real problems of excessive leniency in sentencing under existing law." House Conference Report No. 108-66 , 51, 2003 U.S.C.C.A.N. 683-85. Particularly relevant to Nagel, the report stated, "[c]ourts all too frequently impose sentences more lenient than those prescribed by the sentencing guidelines in cases under chapter 117, particularly in situations where an undercover agent rather than a child was the object of the enticement." Clearly, Congress contemplated a sentencing mechanism that would underscore the seriousness of these offenses, and the Conference Report clearly establishes that Congress had a rational basis in electing not to allow a safety valve provision to these offenses. Moreover, there is a rational distinction between first time non-violent drug offenders and offenders that prey on children. Accordingly, the court finds that the mandatory minimum sentence set forth in § 2422(b) passes the rational basis scrutiny test and Nagel is not entitled to relief on this argument.

Nagel also reiterates his Eighth Amendment challenges to the statute and argues that the ten-year statutory mandatory minimum constitutes cruel and unusual punishment. The Supreme Court has held that the Eighth Amendment prohibits sentences that are grossly disproportionate with the crime punished. *Ewing v.*

*California*, 538 U.S. 11, 20 (2003) (citing *Harmelin v. Michigan*, 501 U.S. 957, 996-97 (1991)). Nagel also cites *Solem v. Helm*, 463 U.S. 277 (1993), which sets forth the standards by which a court should measure proportionality of a sentence to a crime. In *Solem*, the Court held that the proportionality analysis should factor in criteria such as the gravity of the offense and the harshness of the penalty, the sentence imposed on other criminals in the same jurisdiction, and the sentence imposed for the commission of the same crime in other jurisdictions. *Solem*, 463 U.S. at 292. However, the *Solem* holding is no longer controlling law and the Court has since recognized a much narrower "proportionality" test rather than the balancing test set forth in *Solem*. *Harmelin v. Michigan*, 501 U.S. 957, 962-966 (1991). In accordance with *Harmelin*, the Seventh Circuit has recognized that the initial step in analyzing an Eight Amendment challenge to a lengthy sentence is to determine whether the case is "the rare case in which a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality." *United States v. Gross*, 437 F.3d 691, 692-93 (7th Cir. 2006) (quoting *Harmelin*, 501.U.S. at 1005). If the court finds that the case is not grossly disproportionate, then no further *Solem* balancing criteria are required. *See id.* The Seventh Circuit readily pointed out how exceptionally rare it is to find that sentence imposed is grossly disproportionate to the crime committed. *See id.* at 693 (noting the Court's jurisprudence in upholding life-long terms of imprisonment under a "three-strikes" law and a forty-year term of imprisonment for the distribution of 9 ounces of marijuana).

Although the Seventh Circuit has not precisely considered the constitutionality of the ten-year statutory mandatory minimum sentence for § 2422(b) violations, other circuits and a district court within the Seventh Circuit have determined that the ten-year sentence does not violate the Eighth Amendment. *See United States v. Butters*, 2008 WL 552483 (10th Cir. 2008); *United States v. Wagemann,* 2008 WL 2123336 (3rd Cir. 2008); *see also United States v. Davey*, 2007 WL 2257655 (N.D.Ind. 2007). These courts consistently focused on the seriousness of the offense in rationalizing the lengthy term of imprisonment. *See, e.g., Butters*, 2008 WL 552483 at 4 (noting the "ten-year term accurately reflects the serious nature of the offense"). Additionally, these courts noted how exceedingly rare it was to strike down a sentence for Eighth Amendment deprivations. *See id.* (noting the ten-year sentence "does not resemble the only sentences struck down by the Supreme Court due to gross disproportionality in the last hundred years").

Indeed, the Seventh Circuit's decision in *Gross* poignantly illustrates that a sentence must be truly exceptional to warrant judicial intervention. In *Gross,* the court addressed an Eight Amendment challenge to a 15-year mandatory sentence for distributing child pornography in violation of 18 U.S.C. § 2252A(b)(1), and found that the sentence was not grossly disproportionate to the crime, and, therefore, not in violation of the Eighth Amendment. *Gross,* 437 F.3d at 695-95. In upholding the sentence, the court noted that "[t]he Court's precedent in this area reflects how high the bar is set," and provided several cases upholding exceedingly lengthy sentences for nonviolent and somewhat minor offenses. *See id.* at 693.

-6-

Nagel also urges the court to consider sentences imposed in Wisconsin courts. Even if the court were to consider the sentences for similar crimes in other jurisdictions, such as Wisconsin courts, it determines that this is not an appropriate comparison. Nagel provides the court with a comprehensive analysis of state court sentences for similar crimes. Nagel cites Wisconsin's counterpart to § 2422(b), Wis. Stat. 948.075. This statute carries presumptive, but not mandatory, five-year term of imprisonment. *See* Wis. Stat. 939.617. Despite this penalty provision, Nagel submits that no offender served a term of imprisonment longer than 60 months. (Nagel Mot., Ex. 2.) An analogy to state-federal sentencing disparities may be made to reject Nagel's argument. It is well-established that even post-*Booker*, it is inappropriate to look to state court sentences to determine if a federal sentence would create an unwanted disparity. *See United States v. Schmitt*, 495 F.3d 860, 863-864 (7th Cir. 2007) ("Adjusting federal sentences to conform to those imposed by the states where the offenses occurred would not serve the purposes of § 3553(a)(6), but, rather, would create disparities within the federal system, which is what § 3553(a)(6) is designed to discourage") (quoting *United States v. Williams*, 282 F.3d 679, 681-82 (9th Cir. 2002)). If the court were to compare sentences of similarly situated offenders, the appropriate jurisdictions to consider would be other federal jurisdictions; the ten-year term of imprisonment applies universally in federal jurisdictions and Nagel would be unable argue that his punishment is more severe than others convicted under § 2422(b).

Nagel also argues that his sentence is unduly harsh based upon his criminal history, characteristics, and the unlikeliness of him repeating this offense. The court certainly appreciates the draconian nature of the mandatory minimum penalty, particularly when offenders come before the court with no prior record. However, Nagel is unable to demonstrate that he is dissimilar than others convicted of § 2422(b) and sentenced to ten year terms of imprisonment. That said, perhaps law enforcement and the executive branch ought take a more measured approach in exercising prosecutorial discretion in determining which offenders truly deserve prosecution in federal court to avoid such seemingly harsh results; however, the court is unable to conclude that the statutory mandatory minimum penalty violates Nagel's Eighth Amendment rights and unfortunately leaving him without recourse for his constitutional objections.

Accordingly,

**IT IS ORDERED** that Nagel's renewed motion to declare 18 U.S.C. § 2422(b) unconstitutional (Docket #53) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 5th day of June, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge