# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

                               Plaintiff,

v.                                                        Case No. 07-CR-212-JPS

MICHAEL E. NAGEL,

                                                                 **ORDER**

                               Defendant.

       Defendant, Michael E. Nagel ("Nagel"), filed a motion seeking the return of certain property seized by the U.S. Probation Office in June 2017. (Docket #143). The Court referred the motion to Magistrate Judge William E. Duffin for a report and recommendation. On April 6, 2018, Magistrate Duffin filed an initial report and afforded Nagel an opportunity to request a hearing on the motion. (Docket #145). Nagel did not timely do so, and thus Magistrate Duffin issued his final report and recommendation on April 26, 2018. (Docket #148). Nagel filed objections to the report and recommendation. (Docket #148, #149). For the reasons stated below, the Court overrules those objections and adopts Magistrate Duffin's report and recommendation in full.

       Nagel was convicted in this district of using a computer to induce a child to engage in sexual activity, in violation of 18 U.S.C. § 2422(b). (Docket #60). According to his plea agreement, in 2007 Nagel met a person in a Yahoo! chatroom who identified herself as a 14-year-old from Milwaukee. (Docket #41). Nagel engaged in sexually explicit chats with her and traveled from his home in Illinois to Milwaukee in July 2007 with

the expectation of having a sexual encounter with her. *Id.* He was sentenced to 120 months' imprisonment to be followed by five years of supervised release. (Docket #60).

The Court imposed several conditions of supervised release, including that Nagel participate in sex offender mental health treatment. *Id.* at 4. Additionally, the Court imposed the following conditions:

> 14. The defendant shall not possess any sexually explicit or nudist visual material involving minors, or persons who appear to be minors, or any test [sic] material describing sex with minors, nor shall he knowingly patronize any place where such material is available or use any electronic equipment, including a computer, where such material can be accessed, obtained or viewed.
>
> 15. The defendant shall not possess any materials depicting sexually explicit conduct nor enter any establishment or use any electronic equipment, including a computer, where materials depicting sexually explicit conduct can be obtained or viewed.

*Id.* at 4. The Court subsequently added as a further condition:

> The defendant shall. . .submit at any time with or without a warrant, to a search of [his] person and any property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effect, by any law enforcement or probation officer having reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by [him], and by any probation officer in the lawful discharge of the officer's supervision functions. . . .

(Docket #137 at 1).

Based in part upon indications that Nagel was untruthful during polygraph examinations, officers from the United States Probation Office in the Northern District of Illinois, where Nagel now resides following his

release from prison, searched his home on June 2, 2017.[1] According to receipts prepared by officers of the United States Probation Office, officers seized the following property (identified by the Office's item numbers):

- C-1 Green spiral Mead 5-Star notebooks 1 w/ night school on front, one w/ nothing on front [illegible] containing websites, one w/ user names & phone numbers of females

- C-2 Small green pocket notebook w/ names & ages of what appear to be females

- C-3 Brown box containing VHS tapes, red folder w/ correspondence pics & handwritten notes, property receipt from FBI, rechargeable phone cards, Kodak camera disc, charger cord, USB cord, planner (blk) w/ handwritten notes, 1 disc in single case, 4L disc in case, box has shipping address to Sharon M. Nickalson in Oak Lawn, IL

- A-1 Black flip phone LG. . .w/ charger

- C-4 11 clippings from periodicals w/ pictures of females, websites, graphic art and handwritten notes

- D-1 6 pages of handwritten erotica (first page duplicated)

- D-2 50 pages of handwritten erotica, websites, female names & numbers

- C-5 Envelope containing 50 clippings of erotic books for example "Hand Job Handbook"

- C-6 Pocket notebook (yellow) containing female names numbers, user names & email addresses

- C-7 Art of Seduction article w/ photos and pic of female from magazine, 2 hand-written notes w/ picture

- C-8 Supplemental discovery documents 11 pages

---

[1]Nagel counters that he was truthful during his polygraph examinations. (Docket #148 at 1). This contention is immaterial. The property was seized not because he may have lied but because possession of it violated the terms of his supervised release, as will be discussed further below.

C-9    Handwritten note w/ songs & descriptions

(Docket #143-1 at 1–2).

On January 8, 2018, Nagel wrote to the Court regarding property law enforcement allegedly seized from his Burbank, Illinois home back in 2007. (Docket #142). Next, on March 12, 2018, the Court received the instant motion, captioned "Motion for Return of Property Under Federal Rules of Criminal Procedure 41(g)." (Docket #143). In the motion, Nagel asks that the Court order the Probation Office to "release and return all property seized on June 2, 2017, including the cell phone (which the probation office can easily erase or delete the one adult pornographic image the government claim[s] is on the phone, so it can be returned to the Defendant). . . ." *Id.* at 3.[2]

The probation officer sought permission from the Court to destroy certain of the seized property, including "notebooks listing online identifiers, websites, female names, and phone numbers," as well as "graphic art, handwritten erotica, and clippings from sexually explicit magazine articles (e.g. 'hand job handbook' and 'the art of seduction')." (Docket #144 at 1). The Probation Office further recommended that

> all items that do not contain sexually explicit material or online contact information be returned to Mr. Nagel upon the U.S. Probation Office's earliest opportunity. If possible,

---

[2]In his report, Magistrate Duffin noted that "[t]he only issue before the court is the property seized by United States Probation officers in 2017; the issues raised in Nagel's letter regarding property seized in 2007 are not before the court." (Docket #145 at 5). Nagel objects, arguing that the property seized in 2017 was the same property originally seized in 2007 and returned to him in 2009, except with respect to the black flip phone itemized as A-1. (Docket #149 at 2). Because the overlap between the property seized in 2007 and 2017 does not make a difference to the resolution of the present motion, the Court overrules this portion of Nagel's objection.

> the pornographic images found on Mr. Nagel's cell phone should be deleted and the phone returned. The U.S. Probation Office should verify all digital memory devices do not contain sexually explicit or graphic material prior to returning them to Mr. Nagel.

*Id.* The Court denied the request to destroy any of the property and referred Nagel's motion for return of property to Magistrate Duffin.

A magistrate's ruling on a non-dispositive matter like this one can only be overturned if it is "contrary to law or clearly erroneous." Fed. R. Crim. P. 59(a). In reviewing the report and recommendation, the Court has considered both Nagel's April 23, 2018 letter regarding Magistrate Duffin's rulings, (Docket #148), and his May 8, 2018 objections to the report and recommendation as finally issued, (Docket #149). None of Nagel's arguments therein warrant overturning the magistrate's sound conclusions.

Magistrate Duffin found that the Probation Office's seizure of property was largely proper. (Docket #145 at 5–8).[3] The magistrate noted that "persons undergoing sex offender treatment are routinely prohibited by their treatment providers from possessing any sexually arousing material. Compliance with this requirement is a condition of participation in the treatment program." *Id.* at 5–6. Because Nagel is required to participate in sex offender treatment as a condition of his supervised release, and because the Probation Office believed that possession of the

---

[3] Magistrate Duffin stated that a seizure of property by a U.S. probation officer is not governed by Federal Rule of Criminal Procedure 41(g), as Nagel believes. (Docket #145 at 5). This may be true, but because Nagel alleges that law enforcement officers accompanied the Probation Office during its June 2017 search and seizure, (Docket #148 at 1), the Court will assume that Rule 41(g) is the proper basis for relief in this instance.

property listed above was inconsistent with the strictures of his sex offender treatment, the property was seized.

Magistrate Duffin essentially agreed with this assessment by the Probation Office, finding that Nagel's possession of much of the property "would be inconsistent with the traditional sex offender treatment protocol. A significant portion of the property, although not sexually explicit in the legal sense of that term, tends to align with what appears to be Nagel's particular prurient interests." *Id.* at 6. This includes items identified as C-1, C-2, C-4, D-1, D-2, C-5, C-6, C-7, C-8, and C-9. *Id.* at 7.

However, Magistrate Duffin recommended that some of the property included within item C-3 be returned, including VHS tapes, CDs, and a planner, as these items do not appear to contain sexual materials and would not be inconsistent with his conditions of release. *Id.* The magistrate recommended that one item within C-3 not be returned: the "red folder w/ correspondence pics & handwritten notes" and the documents contained therein. *Id.* Further, the magistrate recommended that the Court order the return of the item listed under A-1, "Black flip phone LG. . .w/ charger," as the Probation Office agreed to do once any pornography is deleted from it. *Id.* at 7–8.

No party objected to these recommendations except as to items C-8 and C-9, which Nagel says are devoid of sexual content just like A-1 and C-3. (Docket #148 at 1).[4] The Court overrules this objection. The magistrate

---

[4]Notably, the Probation Office did not object to Magistrate Duffin's determinations as to returning certain property within items C-3 or A-1, nor did it contest his recommendation that the Office must retain any seized property until the end of Nagel's term of supervised release or the termination of the need to withhold the property from him. (Docket #145 at 8).

reviewed photographs of the property in question and made a reasoned assessment that possession of the material aligned with Nagel's prurient interests even though it may not be sexually explicit. Nagel's mere disagreement with Magistrate Duffin is no reason to overturn this decision. Moreover, Magistrate Duffin correctly concluded that C-8 and C-9 likely contain materials that would violate other conditions of Nagel's supervised release beyond the mental health treatment condition. Some of the C-8 and C-9 materials, including discovery produced in Nagel's prosecution, include police reports and chat logs that contain "sexually explicit or nudist visual material involving minors, or persons who appear to be minors, or any te[x]t material describing sex with minors." (Docket #145 at 6 n.1).

Additionally, Magistrate Duffin correctly rejected Nagel's contention that the government's return of his property in 2009 meant that it should not have been seized a second time. *Id.* at 6–7. As the magistrate aptly observed, the reasons that the government may have originally seized and then returned Nagel's property bear little relation to whether the Probation Office was authorized to seize it. The government enforces criminal laws, while the Probation Office is charged with enforcing Nagel's conditions of supervised release. In his objections, Nagel adds that the government entered into agreements to return this property to him, (Docket #149 at 2), but again, such an argument does not address the authority of the Probation Office, which is not an arm of the executive branch and does not appear to be bound by the purported agreements.

Finally, it does not matter, as Nagel seems to believe, that this property was normally held at his mother's residence. (Docket #148 at 2);

(Docket #149 at 3). He is prohibited from possessing it, even for short periods of time. Whether it usually resided elsewhere, the property was seizable during the period Nagel himself possessed it. Therefore, the Court will overrule each of Nagel's objections and will adopt Magistrate Duffin's report and recommendation in full.[5]

Accordingly,

**IT IS ORDERED** that Magistrate Judge William E. Duffin's April 26, 2018 report and recommendation (Docket #145, #147) be and the same is hereby **ADOPTED in full**;

**IT IS FURTHER ORDERED** that Defendant's motion for return of property (Docket #143) be and the same is hereby **GRANTED in part** and **DENIED in part** as follows:

(1) The United States Probation Office should return to Defendant the "black flip phone LG. . .w/ charger" identified as item A-1 on (Docket #143-1) after any pornography on that phone is deleted;

(2) The items identified under item C-3 on (Docket #143-1) should also be returned to Defendant, with the exception of the documents contained in the red file folder;

(3) Within thirty (30) days of the date of this Order, the property listed in (1)–(2) above should be made available to Defendant for pickup from the United States Probation Office in the Northern District of Illinois.

---

[5]In his objections, Nagel mentions for the first time that a black thumb drive was seized from him during the June 2017 search but was not inventoried by the Probation Office. (Docket #149 at 3). He asks that it be returned. The Court will deny this request, as it was not part of his motion for return of property. Nagel cannot tack on additional, late-coming requests for relief as they come to mind.

If Defendant does not pick up this property within sixty (60) days of the date of this Order, the Probation Office may dispose of this property; and

(4) All other property, identified as C-1, C-2, the red file folder within C-3, C-4, D-1, D-2, C-5, C-6, C-7, C-8, and C-9 on (Docket #143-1), should be retained by the United States Probation Office until the Office determines that Defendant's possession of it is no longer inconsistent with the requirement that Defendant participate in sex offender treatment or with any other condition of his supervised release, or until Defendant approves of its destruction or until he completes his term of supervised release. Defendant shall retrieve the property from the United States Probation Office in the Northern District of Illinois within thirty (30) days of completing his term of supervised release. If Defendant fails to retrieve the property by that deadline the United States Probation Office may dispose of the property without further notice to Defendant or order of the Court.

Dated at Milwaukee, Wisconsin, this 5th day of June, 2018.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge